[Cite as *State v. Stevens*, 2020-Ohio-6981.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-19-1219

     Appellee                              Trial Court No. CR0201801984

v.

Terry F. Stevens                            **DECISION AND JUDGMENT**

     Appellant                             Decided:  December 30, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} This matter is an appeal of an August 30, 2019 conviction, following a trial to the court in the Lucas County Court of Common Pleas.  The trial court found appellant Terry Stevens guilty on one count of felonious assault and one count of resisting arrest, and sentenced him to an aggregate term of eight years in prison.  Finding no error, we affirm.

## II. Facts and Procedural Background

{¶ 2} On May 31, 2018, appellant was indicted, arising from an incident of May 18, 2018. Appellant was indicted in Count 1 for felonious assault in violation of R.C. 2903.11(A)(1) and (D) (causing serious physical injury), in Count 2 for felonious assault in violation of R.C. 2903.11(A)(2) and (D) (use of a deadly weapon), and in Count 3 for resisting arrest in violation of R.C. 2921.33(C)(1) and (D).[1]

{¶ 3} Prior to trial, appellant provided notice he intended to argue self-defense or accident as affirmative defenses. He also filed a request for a jury instruction on the lesser offense of assault. The morning of trial, appellant executed a waiver of his right to a jury trial, choosing to proceed with a bench trial.

{¶ 4} The trial court heard testimony of Officer James Piotrowski, Officer Joseph Bodnar, Walmart assistant manager Lorinda Roberts, and other Walmart employees. The trial court also viewed surveillance video and photographs, and Piotrowski's medical records were admitted into evidence.

{¶ 5} The events related to the matters on appeal occurred on May 18, 2018. On that date, Officer Piotrowski arrived at the Walmart on Holland-Sylvania Road to follow up on his investigation of a prior robbery at the store, occurring May 1, 2018. The

---

[1] In Lucas County Court of Common Pleas case No. CR0201901637, appellant was separately indicted based on events of May 1, 2018, in a single count of complicity in the commission of robbery in violation of R.C. 2923.03(A)(2) and 2911.02(A)(2) and (B). The trial court acquitted appellant of this charge, and that matter is not argued as part of the present appeal.

robbery involved a group of three men, who entered the store together just before 1:00 a.m., but separated once inside. Store employees stopped one of the men, later identified as Ronald Munn, asking to see his receipt for the bag of merchandise he was carrying toward the exit. After trying to talk his way past the employees, Munn lifted his shirt and displayed a firearm, and the employees heard him say, "Don't make me use this."

{¶ 6} Walmart reported the incident to police, and Officer Piotrowski responded to the call. He took statements from employees, and Walmart provided surveillance video, which captured images of the three men and a vehicle. Walmart's asset protection team also contacted area stores for help in identifying the men. Through Walmart's efforts, appellant was identified as one of the three men.

{¶ 7} After viewing the surveillance video, Piotrowski determined the vehicle involved was a Chevy Equinox. Once Walmart supplied an identification of appellant, Piotrowski searched appellant's record and determined he had a previous traffic stop while driving a 2010 Equinox. He also determined that appellant did not have a valid driver's license and he had active warrants for his arrest. Piotrowski was unable to immediately locate appellant as part of his ongoing investigation.

{¶ 8} Piotrowski located appellant by chance, however, after appellant returned to the same store. On May 18, 2019, prior to Piotrowski's arrival, appellant appeared on Walmart surveillance video, entering the store with at least one other man. He then took a shopping cart and went to the electronics department by himself. Surveillance video appeared to show appellant concealing battery rechargers in his coat pocket. As appellant

3.

left the store, he crossed directly in front of Piotrowski's arriving patrol car. Piotrowski immediately recognized appellant as a suspect in the prior incident, and called for back-up. Piotrowski also saw Lorinda Roberts, a Walmart manager, following another man out of the store, causing Piotrowski to believe another robbery might have occurred.

{¶ 9} Officer Piotrowski approached appellant as he reached his vehicle, a Chevrolet Equinox matching the description of the vehicle involved in the first incident. Initially, appellant cooperated with Piotrowski, and even pointed out two men who were with him as they exited the store. When the two men saw police, they turned back into the store.

{¶ 10} When Piotrowski pulled out handcuffs and told appellant he was detaining him, all cooperation ceased. Piotrowski testified that appellant lunged for his car. Piotrowski, fearing appellant was trying to reach for a weapon or drive off, grabbed appellant in an "underhook," holding appellant just below each shoulder. Appellant struggled to free himself, but Piotrowski held on, believing appellant could harm Roberts, who by this time was standing near appellant's car.

{¶ 11} Piotrowski wrestled with appellant inside the vehicle, ordering appellant to get out of the car and to stop resisting. When Piotrowski let go of appellant's right arm to use his radio to check the status of his backup, appellant started the engine. As Piotrowski held on, appellant put the car into gear and accelerated forward, causing the driver's door to slam into Piotrowski. Piotrowski testified that he hung from the door as appellant drove off, trying to avoid falling under the wheels, but after 10 to 20 feet, fell to

4.

the ground. Once the struggle began, Piotrowski's body camera stopped recording. However, Walmart surveillance video captured the scene and Roberts also witnessed, and testified, regarding the incident.

{¶ 12} About a minute later, Officer Bodnar arrived and found Piotrowski, injured and on the ground. Piotrowski pointed out one of appellant's suspected associates, attempting to flee. Bodnar detained the man, identified as Ronald Munn, and Munn told police where to find appellant. The address Munn provided was the same address listed on the registration for the Equinox, which was titled to appellant's wife.

{¶ 13} Piotrowski was treated for his injuries, with the most serious injury to his shoulder. The struggle with appellant and fall from the moving vehicle reinjured Piotrowski's shoulder, which had undergone rotator cuff surgery in December 2017. An MRI revealed a displaced anchor in his shoulder, necessitating a second surgery to redo the repairs to the rotator cuff and place a new anchor and re-secure the bicep tendon to Piotrowski's arm. Due to the shoulder injury, Piotrowski could not work for ten months.

{¶ 14} At the close of the state's case, appellant made a motion for acquittal, pursuant to Crim.R. 29(A), which the trial court denied.[2]

{¶ 15} In his closing argument, appellant argued that the evidence did not demonstrate knowing conduct to support the felonious assault charge, referencing his

---

[2] Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

5.

affirmative defenses of self-defense and accident. Appellant also renewed his request for consideration of the lesser-included offense of assault.

{¶ 16} The state argued appellant's conduct in starting the vehicle and pressing the accelerator while Officer Piotrowski clung to the car demonstrated purpose and intent, negating the notion of accidental injury. The state further argued that, in the absence of any evidence of excessive force or an unlawful arrest, appellant could not assert self-defense to a lawful arrest. The state also requested dismissal of Count 2 of the indictment, charged in the alternative, which the trial court granted. The trial court proceeded to consider Counts 1 and 3 of the indictment, and after deliberating, found appellant guilty of both counts. The trial court subsequently sentenced appellant to a term of 8 years in prison as to felonious assault (Count 1) and 12 months in prison as to resisting arrest (Count 3), and ordered the sentences to be served concurrently.

{¶ 17} Appellant filed a timely appeal of this judgment.

### III. Assignments of Error

{¶ 18} In challenging the trial court's judgment, appellant asserts the following as error:

> I. The trial court erred in failing to consider the lesser included offense of assault.
>
> II. The court's guilty verdict was not supported by sufficient evidence, and /or was against the manifest weight of the evidence when the

6.

mens rea of the case was arguably 'recklessness', [sic] rather than 'knowingly'. [sic]

### IV. Analysis

{¶ 19} Appellant's argument on appeal relates entirely to proof of the mens rea element of felonious assault, regardless of the assigned errors. Appellant argues the evidence demonstrated only reckless conduct, and that the evidence did not support a finding of knowing conduct or an intent to cause serious physical injury.

### A. Lesser Included Offense

{¶ 20} In his first assignment of error, appellant argues the trial court should have considered the lesser included offense of assault. Trial counsel requested consideration of the lesser included offense, and in a bench trial, "a trial court is presumed to know the law and to have considered any lesser included offense or inferior degree offense warranted by the evidence." (Citation omitted.) *State v. Lloyd*, 12th Dist. Warren Nos. CA2007-04-052, CA2007-04-053, 2008-Ohio-3383, ¶ 33. Furthermore, if the evidence supported the felonious assault conviction, the trial court had no obligation to find appellant guilty of a lesser offense. *See State v. Thacker*, 4th Dist. Lawrence No. 04CA12, 2005-Ohio-1057, ¶ 20 ("the trial court was under no duty to find Thacker guilty of a lesser offense when the evidence presented at trial fully supported a conviction on the greater offense."). Accordingly, appellant's second assignment of error, concerning the sufficiency and weight of the evidence, is dispositive in this case.

7.

## B. Sufficiency and Weight

{¶ 21} In his second assignment of error, appellant actually raises two, separate issues for our review. First, appellant argues the evidence at trial was insufficient to support the trial court's verdict as to felonious assault. Second, appellant argues the verdict is not supported by the manifest weight of the evidence. Essentially, appellant merges two separate assignments of error into a single error, with scant argument offered in support of either issue raised as error. Despite the merger of the assigned error, we address each issue separately.

### 1. Sufficiency

{¶ 22} Appellant first challenges the sufficiency of evidence, arguing a lack of evidence to support the verdict for felonious assault. Proof of felonious assault, in this case, required evidence demonstrating appellant knowingly caused serious physical harm to Officer Piotrowski, with the fact that the victim was a police officer raising the level of the offense to a first-degree felony. R.C. 2903.11(A)(1) and (D).

{¶ 23} "'Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting Black's Law Dictionary 1433 (6 Ed.1990). Reversal based on insufficiency of the evidence shields a defendant from retrial. *Thompkins* at 387. "In essence, sufficiency is a test of adequacy." *Id*. at 386.

8.

{¶ 24} In reviewing the evidence for sufficiency, we construe the evidence in the prosecution's favor and consider whether "'any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, in considering sufficiency, we neither weigh the evidence nor consider the credibility of the witnesses. *See, e.g., State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79 ("an evaluation of the witnesses' credibility, which—as we have repeatedly pointed out—is not proper on review for evidentiary sufficiency.").

{¶ 25} Appellant argues the lack of evidence to demonstrate knowing conduct, arguing, instead, that the evidence merely demonstrates reckless conduct. "Knowingly" is defined at R.C. 2901.22(B) as:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

In contrast, "reckless" conduct is defined at R.C. 2901.22(C) as "with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature."

{¶ 26} Based on these definitions, "knowingly" and "recklessly" are separated by degrees of awareness. In the comment accompanying enactment of R.C. 2901.11, the Legislative Service Commission distinguished between the probable, which can be known, and the likely, which might contribute to recklessness.

> Basing the definition of knowledge on probability and the definition of recklessness on likelihood is intentional. Something is "probable" when there is more reason for expectation or belief than not, whereas something is "likely" when there is merely good reason for expectation or belief.

The perception of the likely result, therefore, controls in distinguishing between knowing and reckless conduct. "If the result is probable, the person acts 'knowingly'; if it is not probable but only possible, the person acts 'recklessly' if he chooses to ignore the risk." *State v. Edwards*, 83 Ohio App.3d 357, 361, 614 N.E.2d 1123 (10th Dist.1992).

{¶ 27} Here, the evidence demonstrated that appellant started his car and drove off while Officer Piotrowski had a hand on appellant and held on through the open, driver's side door. To prove appellant acted knowingly, the state merely needed to demonstrate that serious physical harm was a reasonable and probable result of appellant's conduct. (Citations omitted.) *State v. Laney*, 6th Dist. Williams No.

10.

WM-18-004, 2019-Ohio-2648, ¶ 19.  Appellant's state of mind, moreover, may be "inferred from the totality of circumstances surrounding the incident."  *State v. Rodriquez*, 6th Dist. Wood No. WD-02-046, 2003-Ohio-3453, ¶ 36, citing *State v. Booth*, 133 Ohio App.3d 555, 562, 729 N.E.2d 406 (10th Dist.1999).

{¶ 28} Construing the evidence most favorably for the prosecution, we find sufficient evidence to support each element of felonious assault.  This includes evidence of intent, or that serious physical harm was a *probable*—as opposed to a merely *likely*—result of appellant's conduct.  Therefore, appellant's assignment of error relative to sufficiency of the evidence is without merit.

### 2.  Manifest Weight

{¶ 29} We next address appellant's argument that the conviction is not supported by the manifest weight of the evidence.  Manifest weight, in contrast to sufficiency, "concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'"  (Emphasis sic.)  *Thompkins*, 86 Ohio St.3d at 387, 678 N.E.2d 541, quoting Black's at 1594.

{¶ 30} In considering this challenge, we review the record, weigh the evidence and all reasonable inferences, and consider the credibility of the testimony, sitting as "a 'thirteenth juror'" that reviews the factfinder's resolution of the conflicting testimony. We reverse a judgment only if we determine that the trier of fact lost its way in resolving conflicts in the evidence.  *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).   Furthermore, reversal based on the weight of the

11.

evidence is reserved for the exceptional case, to prevent a manifest miscarriage of justice. *Thompkins* at 387, citing *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct.2211, 72 L.Ed.2d 542 (1928); *Martin* at 175.

{¶ 31} Here, appellant argues the evidence demonstrates only recklessness, without disputing any evidence of his conduct in driving off with Officer Piotrowski clinging to his vehicle through the open, driver's-side door. Without reference to the evidence, appellant limits his argument to a conflicting theory, indicating his purpose was to escape Officer Piotrowski as an excuse for his undisputed conduct. The definition of "knowingly," however, addresses the probability of a certain result, "regardless of purpose." We disregard appellant's argument of purpose, therefore, and address only the evidence of his intent. As previously stated, intent may be inferred from the totality of the circumstances. *Rodriquez*, 2003-Ohio-3453, at ¶ 36, citing *Booth*, 133 Ohio App.3d at 562.

{¶ 32} The evidence adduced at trial demonstrated that appellant initially cooperated with the officer's questioning. However, once Officer Piotrowski indicated he was detaining appellant, appellant lunged into his vehicle, and Piotrowski reacted to prevent appellant from reaching for a weapon inside the vehicle or otherwise endangering those near the vehicle. After appellant managed to break partially free of Piotrowski's hold, he started the car, put it in gear, and stepped on the gas, driving off with Piotrowski holding on through the open car door. Based on this record, there was credible evidence to support a finding of knowing conduct.

**{¶ 33}** In similar cases, we have found evidence of knowing conduct where there was eyewitness testimony of a defendant striking a victim with their vehicle. *See, e.g., State v. Sepeda*, 2020-Ohio-4167, 157 N.E.3d 889, ¶ 38-40 (6th Dist.) (eyewitnesses described the incident, indicating defendant had a brief confrontation with a pedestrian, followed by the defendant turning around and striking the pedestrian with his vehicle); *State v. Townsend*, 6th Dist. Lucas No. L-00-1290, 2002 WL 538032, *4 (Apr. 12, 2002) (with testimony of witnesses and diagrams of the scene, there was "more than adequate evidence to support a finding that appellant acted knowingly when he drove his vehicle directly at the uniformed police officer."); *see also State v. Cash*, 6th Dist. Lucas No. L-03-1198, 2005-Ohio-1382, ¶ 7 (officers testified that defendant attempted to hit their vehicles in order to escape, a credible inference despite defendant's claim he was only driving erratically as he fled).

**{¶ 34}** In arguing the weight of the evidence of intent, appellant points to no conflicting evidence, but relies instead on his conflicting argument regarding his purpose, raised but not supported at trial with testimony. Upon our own review of the record, we find no conflicting evidence regarding the circumstances leading up to Officer Piotrowski's serious injury. Furthermore, there is no evidence that appellant lacked knowledge of any of these circumstances. Thus, based on the circumstances, the manifest weight of the evidence supported an inference that appellant acted with the requisite intent, with serious physical harm to Piotrowski a reasonable and probable result.

13.

**{¶ 35}** With no conflicting evidence, and credible evidence to support a finding that appellant acted knowingly, we find no error based on the weight of the evidence. Appellant's second assignment of error, accordingly, is not well-taken. Based on this determination, and for the reasons stated above, appellant's first assignment of error is also not well-taken.

### V. Conclusion

**{¶ 36}** Having found substantial justice has been done, we affirm the August 30, 2019 judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.