[Cite as *State v. Kreischer*, 2021-Ohio-1235.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  15-20-09

v.

MARISSA E. KREISCHER,

                                            O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-20-03-056

Judgment Affirmed

Date of Decision:  April 12, 2021


APPEARANCES:

    *Carly M. Edelstein* **for Appellant**

    *Kelly J. Rauch* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Marissa E. Kreischer ("Kreischer"), appeals the August 12, 2020 judgment entry of sentence of the Van Wert County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from a March 9, 2020 incident during which Kreischer attempted to assist Ashley McKee ("McKee") in escaping from the Van Wert Municipal Court. McKee's escape began after she was informed by Calvin Mengerink ("Mengerink"), a security officer at the Van Wert Municipal Court, that she could not leave the Van Wert Municipal Court due to her failure to pass a drug screen. When McKee saw that Sergeant Kurt Conn ("Sergeant Conn") of the Van Wert City Police Department had arrived to the courthouse "to transport her to the Van Wert Correctional Facility," she fled the courthouse. (Aug. 3, 2020 Tr., Vol. I, at 79, 94, 151). Importantly, minutes prior to McKee's escape, Kreischer was observed speaking with McKee in the courthouse lobby. (Aug. 4, 2020 Tr., Vol. II, at 214-215).

{¶3} After McKee fled the courthouse, Mengerink, Sergeant Conn, and two other court personnel gave chase. (*Id.* at 95, 133, 156). Simultaneous with McKee's exit from the courthouse, a white Mustang (identified as Kreischer's vehicle) "had pulled up and it stopped" in the lane of travel. (*Id.* at 95, 157); (Aug. 4, 2020 Tr., Vol. II at 216).

{¶4} Of the four men chasing McKee, Sergeant Conn was closest in pursuit and arrived at Kreischer's vehicle just after McKee. He testified that he "went to go around the front of the car but [he] didn't think [he] was going to be fast enough and [he] didn't want [McKee] to get into the car and [him] to get ran over so [he] stopped right there at the passenger front light area, front bumper area and * * * started pounding on the car." (Aug. 3, 2020 Tr., Vol. I, at 159). Because McKee was not heeding his order to stop, he "focused on the driver, "[l]ooked at her and identified Ms. Kreischer as being in the driver's seat and * * * told her stop, don't do this, stop what you're doing." (*Id.*). (*See also id.* at 160). Sergeant Conn testified that he made eye contact with Kreischer when he "was banging on the hood" and ordering her to stop. (*Id.* at 162). He clarified that he "slapped the top of the car a couple times" and that Kreischer "had to have seen [him] there." (*Id.* at 166).

{¶5} Thereafter, McKee entered the vehicle through the driver's side and "[t]he car went forward" striking Sergeant Conn. (*Id.* at 162). Within seconds of Sergeant Conn's call for assistance, the vehicle operated by Kreischer was stopped by Lieutenant James Haggerty ("Lieutenant Haggerty") of the Van Wert City Police Department after he activated his overhead lights to initiate a traffic stop. (*Id.* at 195). Kreischer stopped the vehicle "within a block" after turning the corner onto Race Street. (*Id.* at 196).

{¶6} On April 2, 2020, the Van Wert County Grand Jury indicted Kreischer on Count One of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a third-degree felony, and Count Two of assault in violation of R.C. 2903.13(A), (C)(5), a fourth-degree felony. (Doc. No. 4). On April 8, 2020, Kreischer appeared for arraignment and entered pleas of not guilty. (Doc. No. 13).

{¶7} The case proceeded to a jury trial on August 3-4, 2020, after which the jury found Kreischer guilty of both counts in the indictment. (Doc. No. 51); (Aug. 3, 2020 Tr., Vol I, at 48); (Aug. 4, 2020 Tr., Vol. II, at 205, 318). On August 12, 2020, the trial court sentenced Kreischer to 24 months in prison on Count One and 18 months in prison on Count Two, and ordered Kreischer to serve the sentences consecutively for an aggregate term of 42 months in prison. (Doc. No. 54). The trial court further ordered that the sentence imposed in this case run consecutively to Kreischer's sentence imposed in her federal-court case. (*Id.*).

{¶8} Kreischer filed her notice of appeal on August 28, 2020, and raises four assignments of error for our review. (Doc. No. 217). For ease of our discussion, we will begin by addressing Kreischer's first and second assignment of errors together, followed by her third and fourth assignments of error.

**Assignment of Error No. I**

**The trial court violated Marissa Kreischer's rights to due process and a fair trial when it entered judgment of conviction for assault**

**and operating a vehicle to willfully elude or flee a police officer against the manifest weight of the evidence. Fifth and Fourteenth Amendments, United States Constitution; Article I, Section 16, Ohio Constitution;** *State v. Thompkins*, **78 Ohio St.3d 380, 387, 678 N.#.23 541 (1997). (Aug. 12, 2020 Entry; Jury Trial Day 2, p. 317-318).**

### Assignment of Error No. II

**Marissa Kreischer's conviction for assault was supported insufficient evidence in violation of her rights to due process of law. Fifth and Fourteenth Amendments, United States Constitution; Article I, Section 10, Ohio Constitution. (Aug 12, 2020 Entry; Transcript, Jury Trial Day 2, p. 317-318).**

{¶9} In her first and second assignments of error, Kreischer argues that her assault and failure-to-comply-with-an-order-or-signal-of-police-officer convictions are based on insufficient evidence and are against the manifest weight of the evidence. In particular, Kreischer argues in her second assignment of error that (only) her assault conviction is based on insufficient evidence as to whether she acted knowingly. Kreischer specifically argues in her first assignment of error that her assault and failure-to-comply-with-an-order-or-signal-of-police-officer convictions are against the manifest weight of the evidence because she contends that the evidence belies that she acted with purpose or knowledge. She further argues under her first assignment of error that the jury lost its way in concluding that she was in control of the vehicle.

*Standard of Review*

**{¶10}** Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Therefore, we address each legal concept individually.

**{¶11}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶12} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence Analysis*

{¶13} We will begin by addressing Kreischer's sufficiency-of-the-evidence argument as it relates to her assault conviction. *See State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 68, citing *State v. Wimmer*, 3d Dist. Marion No. 9-98-46, 1999 WL 355190, *1 (Mar. 26, 1999). Kreischer was convicted of assault in violation of R.C. 2903.13(A), which provides, in relevant part, "No person shall

knowingly cause or attempt to cause physical harm to another * * * ." R.C. 2903.13(A). The requisite culpable mental state for assault is "knowingly." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶14} On appeal, Kreischer argues only that a rational trier of fact could not have found that she acted knowingly. Rather, Kreischer argues that the evidence that the State presented at trial demonstrates, at best, that she acted recklessly. Because it is the only element that Kreischer challenges on appeal, we will review the sufficiency of the evidence supporting only whether she acted knowingly.

{¶15} "Knowledge is a state of mind that must be proved from the surrounding facts and circumstances." *In re F.D.*, 8th Dist. Cuyahoga No. 102135, 2015-Ohio-2405, ¶ 16, citing *State v. Anderson*, 10th Dist. Franklin No. 06AP-174, 2006-Ohio-6152, ¶ 42, citing *State v. Dotson*, 2d Dist. Clark No. 97-CA-0071, 1997 WL 822694, *2 (Nov. 21, 1997). "The mental element of knowledge does not require an inquiry into the purpose for an act, but, involves the question of whether

an individual is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature." *Id.*, citing *Anderson* at ¶ 43.

{¶16} Reckless-mental culpability is defined under R.C. 2901.22, which provides as follows:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶17} The definitions of "'knowingly' and 'recklessly' are separated by degrees of awareness." *State v. Stevens*, 6th Dist. Lucas No. L-19-1219, 2020-Ohio-6981, ¶ 26. "The perception of the likely result, therefore, controls in distinguishing between knowing and reckless conduct. 'If the result is probable, the person acts "knowingly"; if it is not probable but only possible, the person acts "recklessly" if he chooses to ignore the risk.'" *Id.*, quoting *State v. Edwards*, 83 Ohio App.3d 357, 361 (10th Dist.1992).

{¶18} On appeal, Kreischer contends that the State did not present sufficient evidence that she acted knowingly because "[n]one of the State's witnesses testified regarding the probability of the car hitting Sergeant Conn." (Appellant's Brief at 20). Rather, Kreischer contends that she cannot be convicted of assault because the

State's witnesses described merely a "likelihood" of physical harm to Sergeant Conn from by the acceleration of the vehicle. Kreischer's argument is misplaced.

{¶19} "Generally, the intent of a person cannot be proven by direct evidence, thus proof of intent may be shown from circumstantial evidence." *State v. Cole*, 3d Dist. Seneca No. 13-10-30, 2011-Ohio-409, ¶ 23, citing *State v. Lott*, 51 Ohio St.3d 160, 168 (1990) and *State v. O'Black*, 3d Dist. Allen No. 1-10-25, 2010-Ohio-4812, ¶ 18. "Circumstantial evidence is '"the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind."'" *Id.*, quoting *State v. Fisher*, 3d Dist. Auglaize No. 2-10-09, 2010-Ohio-5192, ¶ 26, quoting *State v. Duganitz* (1991), 76 Ohio App.3d 363, 367 (8th Dist.1991), citing *Black's Law Dictionary* 221 (5th Ed.1979).

{¶20} Circumstantial evidence has no less probative value than direct evidence. *State v. Griesheimer*, 10th Dist. Franklin No. 05AP-1039, 2007-Ohio-837, ¶ 26, citing *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. *See also State v. Heinish*, 50 Ohio St.3d 231, 238 (1990) ("This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt."). "'[A]ll that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" *State v.*

*Miller*, 8th Dist. Cuyahoga No. 103591, 2016-Ohio-7606, ¶ 61, quoting *Jenks* at 272. ""''Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence.''''" *Id.*, quoting *State v. Hawthorne*, 8th Dist. Cuyahoga No. 96496, 2011-Ohio-6078, ¶ 9, quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6 (1960).

{¶21} Viewing the evidence in a light most favorable to the prosecution, we conclude that Kreischer's assault conviction is based on sufficient evidence. That is, the State presented sufficient evidence at trial from which the trier of fact could reasonably infer that Kreischer acted knowingly. Specifically, the State presented the testimony of Sergeant Conn who testified that he "pound[ed]" on Kreischer's vehicle from the area of the front bumper near the headlamp on the passenger's side. (Aug. 3, 2020 Tr., Vol. I, at 159). Sergeant Conn testified that, because McKee did not heed his order to stop, he "focused" on Kreischer "as being in the driver's seat and" "told her stop." (*Id.*). (*See also id.* at 162). He testified that Kreischer "had to have seen" him because he made eye contact with her and "slapped the top of the car a couple times." (*Id.* at 166). Sergeant Conn testified that, once McKee entered the vehicle through the driver's side, "[t]he car went forward," striking his left arm and thumb and causing his back to twist and his body to spin away from the vehicle. (*Id.* at 162-163). According to Sergeant Conn, Kreischer was "[t]he only person [he] saw in the driver's seat * * * ." (*Id.* at 165). Based on that evidence, a rational

trier of fact could have found beyond a reasonable doubt that Kreischer acted knowingly—that is the jury could infer from the evidence presented by the State at trial that Kreischer was aware that her conduct—accelerating the vehicle while Sergeant Conn was positioned where he was positioned—would probably cause (or attempt to cause) Sergeant Conn physical harm. *See Stevens*, 2020-Ohio-6981, at ¶ 27-28. Consequently, Kreischer's assault conviction is based on sufficient evidence.

{¶22} Having concluded that Kreischer's assault conviction is based on sufficient evidence, we next address Kreischer's arguments that her assault and failure-to-comply-with-an-order-or-signal-of-police-officer convictions are against the manifest weight of the evidence. *Velez*, 2014-Ohio-1788, at ¶ 76.

*Manifest Weight of the Evidence*

{¶23} Kreischer contends that her assault and failure-to-comply-with-an-order-or-signal-of-police-officer convictions are against the manifest weight of the evidence because the weight of the evidence presented at trial suggests that she did not act with the requisite mental-culpability standard required for each offense. In other words, Kreischer argues that the jury lost its way in concluding that she acted knowingly and purposely.

{¶24} We will begin by addressing the weight the weight of the evidence supporting Kreischer's assault conviction. Here, similar to her challenging the

sufficiency-of-the-evidence argument, Kreischer contends that her assault conviction is against the manifest weight of the evidence because the weight of the evidence reflects that she did not act knowingly. Specifically, Kreischer's argues that the weight of the evidence demonstrates that she did not act knowingly because "[e]ach of the State's witnesses who were present during the incident testified regarding a likelihood, not a probability, that Sergeant Conn would be injured" since Sergeant Conn was not standing directly in front of her vehicle when she accelerated. (Appellant's Brief at 15).

{¶25} However, that evidence does *not* outweigh the evidence that we summarized in our sufficiency-of-the-evidence argument that Kreischer acted knowingly. Notably, Kreischer overlooks the substantial evidence presented by the State from which the jury could infer that Kreischer was aware that her conduct (i.e., accelerating the vehicle while Sergeant Conn was positioned where he was positioned) would probably cause (or attempt to cause) Sergeant Conn physical harm. *See Stevens*, 2020-Ohio-6981, at ¶ 32; *State v. Cash*, 6th Dist. Lucas No. L-03-1198, 2005-Ohio-1382, ¶ 7. *See also Stevens* at ¶ 31 (reaffirming that "intent may be inferred from the totality of the circumstances" in addressing Stevens's manifest-weight-of-the-evidence argument), citing *State v. Rodriquez*, 6th Dist. Wood No. WD-02-046, 2003-Ohio-3453, ¶ 36. Therefore, we cannot conclude that the jury clearly lost its way in concluding that Kreischer acted knowingly.

{¶26} Turning to Kreischer's failure-to-comply-with-an-order-or-signal-of-police-officer conviction, Kreischer challenges the weight of the evidence supporting that she acted with purpose. Specifically, Kreischer contends that the weight of the evidence presented at trial suggests that she was not "a willful participant in [McKee's] police evasion." (Appellant's Brief at 11).

{¶27} The criminal offense of the failure to comply with an order or signal of a police officer is codified under R.C. 2921.331, which provides, in its pertinent part, "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Although "the term 'willfully' is not defined in R.C. 2901.22, which is the statutory provision that covers culpable mental states for criminal liability," "the 1974 committee comments to R.C. 2901.22" indicate that "'[p]urpose is defined in terms of a specific intention either to cause a certain result, or to engage in conduct of a certain nature regardless of what the offender intends to accomplish through that conduct. "Purposely" in the new code equates with "purposely," "intentionally," "willfully," or "deliberately" in the former law.'" *State v. Cole*, 3d Dist. Seneca No. 13-10-30, 2011-Ohio-409, ¶ 22, quoting R.C. 2901.22. *See also State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, ¶ 21.

{¶28} In support of her argument (that her failure-to-comply-with-an-order-or-signal-of-police-officer conviction is against the manifest weight of the

evidence), Kreischer argues that (1) the absence of evidence of a coordinated plan with McKee; (2) the evidence that McKee entered the vehicle on the driver's side instead of through the passenger side of the vehicle; (3) the evidence that "Kreischer was in shock and unable to control the car because she was pinned down under Ms. McKee's body"; and (4) that evidence that she "was tremendously distraught as she exited the car" weighs against the State's evidence that she acted with purpose. (Appellant's Brief at 11). However, based on our review of the record, we conclude that Kreischer's evidence does not outweigh the conclusion that she willfully eluded or fled a police officer after receiving a visible or audible signal to bring her vehicle to a stop.

{¶29} "Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact." *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus. "The trier of fact is best able 'to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Id.*, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984). "When examining witness credibility, 'the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an

appellate court may not substitute its own judgment for that of the finder of fact.'" *In re N.Z.*, 11th Dist. Lake Nos. 2010-L-023, 2010-L-035, and 2010-L-041, 2011-Ohio-6845, ¶ 79, quoting *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). "'"A verdict is not against the manifest weight of the evidence because the [jury] chose to believe the State's witnesses rather than the defendant's version of the events."'" *State v. Missler,* 3d Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 44, quoting *State v. Bean*, 9th Dist. Summit No. 26852, 2014-Ohio-908, ¶ 15, quoting *State v. Martinez*, 9th Dist. Wayne No. 12CA0054, 2013-Ohio-3189, ¶ 16.

{¶30} In addition to Sergeant Conn's testimony, the jury also heard the testimony of other witnesses describing Sergeant Conn's efforts to stop the vehicle operated by Kreischer. Specifically, Mengerink testified that Sergeant Conn was "standing near the passenger side, right front tire area, fender area, yelling at the people in the car to stop, turn the engine off, get out of the car. Nobody complied. [H]e probably yelled that maybe two, three times." (Aug. 3, 2020 Tr., Vol. I, at 105). He further testified that Sergeant Conn was "touching the car. His hands were on the car, yelling at them to get out and the car took off at a high rate of speed." (*Id.*). Likewise, Andrew Munshower ("Munshower"), a probation officer at the Van Wert Municipal Court testified that "Sergeant Conn ordered the vehicle * * * to stop. Also, several occasions, Sergeant Conn did place his hand on the vehicle and somewhat smack or pound on the hood to get, try to gain whoever [sic] the driver

was attention to stop the vehicle * * * ." (*Id.* at 135). Also, Austin Speice ("Speice"), a parole officer with the Van Wert Adult Parole Authority, testified that "Sergeant Conn then got in front of the car and was telling the car to stop. He was holding his hands up and at one time, * * * he kind of rested his hand on the front end of the car and was telling them to stop. And then, * * * more yelling was going on for them to stop. The car then continued to roll where Sergeant Conn was * * * bumped * * * ." (Aug. 4, 2020 Tr., Vol. II, at 217).

{¶31} The jury was able to compare Sergeant Conn's, Mengerink's, Munshower's, and Speice's testimony against Kreischer's testimony that she did not see or hear Sergeant Conn (in addition to any suggestion that she did not act willfully), and it is well within the province of the trier of fact to determine Kreischer's credibility in making those statements including the prerogative to find Kreischer not to be truthful. *See State v. Voll*, 3d Dist. Union No. 14-12-04, 2012-Ohio-3900, ¶ 27. For instance, the jury was able to compare Kreischer's testimony that McKee "pinned [her] arm * * * [a]nd as she got in, [Kreischer's] foot fell off the brake and [McKee] put her foot on the accelerator, and she made that car leave that scene" against Sergeant Conn's testimony that "[t]he only person [he] saw in the driver's seat was Ms. Kreischer." (Aug. 3, 2020 Tr., Vol. I, at 165); (Aug. 4, 2020 Tr., Vol. II, at 253). The jury was also able to compare Kreischer's and Sergeant Conn's testimony against Lieutenant Haggerty's testimony that he

encountered the vehicle operated by Kreischer (within seconds of Sergeant Conn's call for assistance) and that he identified Kreischer as operating the vehicle and noted that there was a passenger in the passenger's seat. (Aug. 3, 2020, Tr., Vol. I, at 192-195). Consequently, the jury was free to weigh that evidence and infer that Kreischer acted with purpose. Thus, we cannot conclude that the trier of fact clearly lost its way in concluding that Kreischer acted willfully.

{¶32} Finally, Kreischer contends that her assault and failure-to-comply-with-an-order-or-signal-of-police-officer convictions are against the manifest weight of the evidence because the trier of fact lost its way in concluding that "she was in control of the car when it accelerated away from the courthouse." (Appellant's Brief at 16). In other words, Kreischer is challenging the weight of the evidence supporting the issue of identity as to her convictions. *See State v. Littlejohn*, 8th Dist. Cuyahoga No. 101549, 2015-Ohio-875, ¶ 30. *See also Missler*, 2015-Ohio-1076, at ¶ 13. "'It is well settled that in order to support a conviction, the evidence must establish beyond a reasonable doubt the identity of the defendant as the person who actually committed the crime at issue.'" *Missler* at ¶ 13, quoting *State v. Johnson*, 7th Dist. Jefferson No. 13 JE 5, 2014-Ohio-1226, ¶ 27, citing *State v. Collins*, 8th Dist. Cuyahoga No. 98350, 2013-Ohio-488, ¶ 19, and *State v. Lawwill*, 12th Dist. Butler No. CA2007-01-014, 2008-Ohio-3592, ¶ 11.

{¶33} On appeal, Kreischer argues that the evidence identifying her as the person "in control of the car when it accelerated from the courthouse" is outweighed by the evidence "that she was unable to control the car once Ms. McKee jumped inside the car and landed on top of her." (Appellant's Brief at 16). More specifically, Kreischer argues that her convictions are against the manifest weight of the evidence because the trier of fact lost its way in failing to account for her version of the incident. However, based on our review of the evidence summarized above, we cannot conclude that the trier of fact clearly lost its way in choosing to believe the State's witnesses rather than Kreischer's own version of the events. *See Missler* at ¶ 44. Indeed, the evidence identifying Kreischer as the operator of the vehicle outweighs any evidence to the contrary. *See State v. Leach*, 9th Dist. Summit No. 22369, 2005-Ohio-2569, ¶ 19-21. Accordingly, we cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that Kreischer's assault and failure-to-comply-with-an-order-or-signal-of-police-officer convictions must be reversed and a new trial ordered.

{¶34} For these reasons, Kreischer's first and second assignments of error are overruled.

### Assignment of Error No. III

**Trial counsel provided ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d**

**674 (1984). (Aug. 12, 2020 Entry, Transcript, Jury Trial Day 2, p. 317-318).**

{¶35} In her third assignment of error, Kreischer argues that her trial counsel was ineffective. In particular, she argues that her trial counsel was ineffective for failing to move for a Crim.R. 29 judgment of acquittal "with respect to the mental state requirement of the assault charge." (Appellant's Brief at 21). However, based on our resolution of her second assignment of error, Kreischer's third assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c); *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 21.

**Assignment of Error No. IV**

**Marissa Kreischer's maximum sentence for her fourth-degree felony assault conviction is not supported by competent, credible evidence in the record. Fifth, Sixth and Fourteenth Amendments, United States Constitution. R.C. 2953.08; R.C. 2929.11; R.C. 2929.12. (Aug. 12, 2020 Entry; Transcript, Sentencing Hearing, p. 325-327).**

{¶36} In her fourth assignment of error, Kreischer argues that the trial court erred by imposing a maximum sentence. Specifically, Kreischer argues that the trial court erred by imposing a maximum sentence as to her assault conviction because "the record reveals that [her] conduct did not constitute the most serious form of assault." (Appellant's Brief at 23).

*Standard of Review*

**{¶37}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶38}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10,

quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

**{¶39}** In this case, as a fourth-degree felony, assault carries a sanction of 6-months to 18-months of imprisonment. R.C. 2903.13(A), (C)(5), 2929.14(A)(4). Because the trial court sentenced Kreischer to 18 months in prison, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶40}** "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E)

relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶41} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶42} At Kreischer's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Aug. 12, 2020 Tr. at 324-325); (Doc. No. 54). In particular, in assessing whether Kreischer was likely to commit future crimes, the trial court found that she "committed this offense while on a bond awaiting imposition of sentence in the United States District Court for the Northern District of Ohio, Western Division, Toledo, Ohio, case number 3:82-

CR00728-JZ." (Aug. 12, 2020 Tr. at 325). *See* R.C. 2929.12(D)(1). As a result, the trial court found that Kreischer "is not amenable to Community Control, and that prison is consistent with the purposes and principles of sentencing set forth in 2929.11." (*Id.*). The trial court did not indicate that it found applicable any factors under R.C. 2929.12(E) indicating that Kreischer is not likely to commit future crimes. Likewise, the trial court did not indicate that it found applicable any factors under R.C. 2929.12(B) or (C) reflecting the seriousness of Kreischer's conduct.

{¶43} Nevertheless, Kreischer argues on appeal that the trial court erred by sentencing her to a maximum term of imprisonment without finding that she committed "the worst form of the offense." Kreischer's argument is misplaced. "R.C. 2929.14(C) previously provided that a maximum sentence could be imposed only upon offenders who committed the worst form of the offense, offenders who pose the greatest likelihood of committing future crimes, and certain repeat violent offenders." *State v. Cole*, 6th Dist. Erie No. E-18-061, 2019-Ohio-5425, ¶ 34. "This language was deleted from the statute in 2011. Sentencing courts are no longer required to explain its reasons for imposing a maximum sentence." *Id.*, citing *State v. Pippin*, 6th Dist. Lucas No. L-18-1023, 2019-Ohio-1387, ¶ 17.

{¶44} Because the trial court considered the applicable sentencing criteria under R.C. 2929.12, the trial court did not err by imposing a maximum-prison sentence. Furthermore, our review of the record reveals that it clearly and

convincingly supports the trial court's findings. Specifically, after weighing the seriousness and recidivism factors, the trial court concluded that Kreischer failed to overcome the presumption in favor of prison and that she is likely to commit future crimes. Importantly, in concluding that Kreischer is likely to commit future crimes, the trial court found that Kreischer committed the offenses in this case while awaiting sentencing in another case. Furthermore, the trial court indicated that it reviewed and considered the presentence-investigation report ("PSI"). In particular, the PSI reflects that Kreischer has a significant history of criminal convictions, including a demonstrated pattern of drug and alcohol abuse.

{¶45} Accordingly, we will not reverse Kreischer's sentence because it is within the permissible statutory range, the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, and Kreischer has not demonstrated clearly and convincingly that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12 or that the sentence is otherwise contrary to law. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶46} Therefore, Kreischer's fourth assignment of error is overruled.

{¶47} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**