[Cite as *State v. Harris*, 2023-Ohio-454.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                            No. 111599

    v.                              :

JERRY HARRIS,                     :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652661-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan and Warren Griffin, Assistant Prosecuting Attorneys, *for appellee.*

Patituce & Associates, L.L.C., Megan M. Patituce, and Joseph C. Patituce, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Jerry Harris, appeals from the trial court's judgment, rendered after a jury trial, finding him guilty of attempted unlawful sexual conduct with a minor, importuning, and possessing criminal tools. He

contends that his convictions for attempted unlawful sexual conduct with a minor and importuning were not supported by sufficient evidence and are against the manifest weight of the evidence. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} A Cuyahoga County Grand Jury indicted Harris in a multicount indictment with one count of attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02/2907.04(A); one count of importuning in violation of R.C. 2907.07(D)(2); and one count of possessing criminal tools in violation of R.C. 2923.24(A). The charges arose out of texts between Harris and an undercover investigator on August 25, 2020, during Operation Moving Target, an undercover operation by the Ohio Internet Crimes Against Children Task Force ("ICAC") that targeted individuals interested in engaging in sexual activity with minors. Harris pleaded not guilty and the matter proceeded to trial.

{¶ 3} Sergeant Stanley Siedlecki testified that he participated in Operation Moving Target as an undercover investigator. He said that on August 25, 2020, he created an online profile on Grindr, a social media site that allows males to communicate with other males, pretending to be a 15-year-old male named Jay. The online profile stated that Jay had only joined Grindr recently and was looking for "chat, friends."

{¶ 4} Siedlecki said that according to guidelines from the United States Department of Justice, ICAC investigators never initiate contact with anyone; they wait for individuals to initiate contact with them. Also, they never use a nude or

sexually suggestive photograph on their online profile and only use pictures of actual law enforcement officers taken when the officers were children or teenagers. Siedlecki testified that the photograph he used on the Grindr profile he created on August 25, 2020, was of a Kent State University police officer when the officer was 15 years old. Siedlecki identified state's exhibit No. 1(A) as a copy of his online profile and accompanying photograph and state's exhibit Nos. 1(B)-1(I) as copies of screenshots of the online conversation between him and Harris that led to Harris's arrest.

{¶ 5} Siedlecki testified that in the evening on August 25, 2020, he received a message on Grindr from Harris, who was 35 years of age at the time. State's exhibit Nos. 1(A)-1(I) reflect that the following conversation took place:

Harris: Sup

Jay: Nothing bored af

Harris: I feel it

Harris: Just smoked, headed home soon

(Tr. 408-409.)

{¶ 6} Siedlecki testified that he and Harris then exchanged photographs of each other. (Tr. 409.) The conversation then continued:

Jay: so whats up

Harris: No plans just driving home a bit high. Sup with u?

Jay: chillin at home where's home for u

Harris: Beachwood, hbu?

Jay:  im cle by steelyard

Harris:  Oh ok, I tryna link?

Jay:  ya sure r u

Harris:  I'd be down

Harris:  U smoke?

Jay:  I would

Jay:  u cool with age dude

Jay:  cause u seem real and legit af

Harris:  Yeah, cool . . . it's consensual

Jay:  im 15 that chill with u

Jay:  its consensual

Harris:  It's cool, we can smoke

(State's exhibit Nos. 1(C)-1(D); tr. 415, 417-418.)

**{¶ 7}** When Jay then asked Harris, "what else boss im down fr," Harris responded, "Aight, where u wanna meet up?" As the conversation continued, Harris discussed his intention to engage in sexual activity with Jay, telling him, "I'm into oral, j/o . . . safe stuff lol"; "We can start with oral"; and "We can blow each other." (State's exhibit Nos. 1(D)-1(E); Tr. 421-424.)

**{¶ 8}** Harris made arrangements to meet Jay at a house in Newburgh Heights that, unknown to him, was being used by Operation Moving Target. When he arrived at the front door of the house, he was arrested.

**{¶ 9}** John Saraya, a special agent with the Ohio Bureau of Criminal Investigations, testified that he and another agent interviewed Harris later that

evening after Harris waived his *Miranda* rights. Saraya said that he confirmed with Harris that he initiated the conversation with Jay and that he expected to smoke marijuana and have oral sex with Jay when they met up. Saraya testified that Harris was shown a multipage printout of his and Jay's text messages and was asked to initial each page as an accurate reflection of the texts. Saraya testified that although Harris did not initial each page, he acknowledged that the undercover officer posing as Jay told him he was 15 years old and asked if he was "okay with the age." (Tr. 471.) Saraya testified further that Harris placed his initials next to the printout of the text from Jay telling Harris "im 15 that chill with u" and Harris's response of "Yeah, cool . . . it's consensual." (Tr. 494.) State's exhibit No. 10, a video of Saraya's interview with Harris, was played for the jury and showed Harris reviewing the multipage text printout.

{¶ 10} Harris testified in his defense that he was aware that Grindr's terms of service require users to be 18 years of age or older. He testified further that he is aware of sexual role play where one individual pretends to be a teenager so, because Grindr users are required to be 18 years of age, he thought Jay's text asking "u okay with the age" meant that Jay was an adult who wanted to engage in such role play. Harris admitted, however, that he never mentioned role-playing when he was interviewed after his arrest.

{¶ 11} Harris also testified that he was chatting with several other people while he was driving to meet Jay so he did not focus on Jay's comment about his age. Finally, he testified that he thought the "15" in Jay's text was a typographical

error because when he saw the text, there were two numbers in front of the "15" and three letters behind it. Harris admitted, however, that the screenshots of the texts between him and Jay on state's exhibit No. 1(C) did not reflect this typographical error. He further admitted that he never mentioned the alleged numbers and letters when he signed his initials on the copy of the screenshots of the texts during his interview with special agent Saraya. Finally, Harris testified that if he had learned upon arrival at the house that the individual he had been texting with was only 15 years old, he would not have attempted to have sex with him.

{¶ 12} After the trial court denied Harris's Crim.R. 29 motion for acquittal, the jury found him guilty of all three counts. The trial court sentenced him to three years of community-control sanctions and found him to be a Tier II sexual offender. This appeal followed.

## II. Law and Analysis

### A. Sufficiency of the Evidence

{¶ 13} In his first assignment of error, Harris contends that his convictions for attempted unlawful sexual conduct with a minor and importuning are not supported by sufficient evidence.[1]

{¶ 14} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to

---

[1] Harris raises no argument regarding his conviction for possessing criminal tools.

examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 15} R.C. 2907.04(A), regarding unlawful sexual conduct with a minor, states that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another * * * when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." Under R.C. 2923.02(A), regarding the offense of criminal attempt, "[n]o person, purposely or knowingly, * * * shall engage in conduct that, if successful, would constitute or result in the offense."

{¶ 16} R.C. 2907.07(D)(2), regarding importuning, states that "[n]o person shall solicit another by means of a telecommunications device * * * to engage in sexual activity with the offender" when (1) the other person is a law enforcement officer posing as a person who is 13 years of age or older but less than 16 years of age; (2) the offender believes the other person is 13 years of age or older but less than 16 years of age, or is reckless in that regard; and (3) the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is 13 years of age or older but less than 16 years of age.

{¶ 17} Harris challenges the sufficiency of the evidence in both counts only with respect to whether he knew that Jay was 15 years of age when he solicited him for sex or was reckless in that regard. Under R.C. 2901.22(B), "[a] person has knowledge of circumstances when the person is aware that such circumstances probably exist." Further, "[w]hen knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." R.C. 2901.22(B). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." R.C. 2901.22(C).

{¶ 18} Harris contends that his "own testimony was the best source of evidence" related to his knowledge of Jay's age or recklessness regarding that fact. (Appellant's brief, p. 4.) He argues that he knew that Grindr's terms of service require users to be 18 years of age so he assumed Jay was 18 or older and thus believed he was communicating with a consenting adult. He also contends that he was driving and texting with multiple people when he received Jay's text about his age so he did not give it much thought. Further, he contends that he thought the reference to Jay's age appeared to be a typographical error so, again, he did not think much about it.

{¶ 19} Harris's arguments are more appropriately considered in a challenge to the manifest weight of the evidence. In a sufficiency analysis, we consider

whether the state met its burden of producing sufficient evidence such that a reasonable factfinder could have found the elements of the offense proven beyond a reasonable doubt. *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541. Although Harris makes no reference to the state's evidence regarding his knowledge of Jay's age, upon our review of the record, we conclude that the state produced sufficient evidence that Harris knew Jay was 15 years old or acted recklessly in that regard.

{¶ 20} First, the state presented evidence that Jay provided several indications to Harris in his text messages that he was not an adult. Initially, Jay shared a picture of an individual who was 15 years old. Then, during the text conversation, he told Harris that he was 15 years old, lived with his father, could not drive, and had "never really done much." The pictures and Jay's comments certainly should have suggested to Harris that Jay was not 18 years old. Accordingly, the state's evidence was sufficient to establish that Harris was, at a minimum, reckless with regard to Jay's age.

{¶ 21} The state also presented sufficient evidence to establish that Harris actually knew that Jay was only 15 years old. Specifically, after Jay told Harris that he was 15 and asked him if that was "chill" with him, Harris responded, "It's cool, we can smoke."

{¶ 22} Viewing this evidence in a light most favorable to the prosecution, we conclude that any rationale trier of fact could have found that Harris either knew that Jay was 15 years old or was reckless with regard to that fact. Because Harris

does not challenge the sufficiency of the evidence regarding any other elements of the offenses, we need not address them. The first assignment of error is overruled.

## B. Manifest Weight of the Evidence

{¶ 23} In his second assignment of error, Harris contends that his convictions for attempted sexual conduct with a minor and importuning are against the manifest weight of the evidence.

{¶ 24} In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, at ¶ 12. A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 388, 678 N.E.2d 541.

{¶ 25} Although we sit as a "thirteenth juror" when reviewing the manifest weight of the evidence and may disagree with the factfinder's resolution of conflicting evidence, we nevertheless give "great deference" to the trier of fact. *Thompkins* at 546-547; *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 26. Thus, the discretionary power to grant a new trial should be exercised only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 547.

{¶ 26} Harris contends that his convictions are against the manifest weight of the evidence because the evidence did not establish that he had any plans beyond smoking marijuana with Jay. He further contends that the greater weight of the evidence was consistent with his testimony that he did not know Jay was 15 years of age and that he was not reckless in that regard. (Appellant's brief, p. 6-7.) We disagree.

{¶ 27} Although Harris planned to smoke marijuana with Jay, the evidence is clear that he also expected to engage in sexual activity with him. Harris's texts to Jay specifically discussed his intention to engage in sexual activity with him, telling him, "We can start with oral" and "We can blow each other." Furthermore, Harris told agent Saraya after his arrest that he intended to smoke marijuana and have oral sex with Jay when they met up. The texts also indicate, despite Harris's testimony otherwise, that Harris either knew that Jay was 15 years old or was reckless in that regard. As discussed above, Jay's picture and texts provided several indications to Harris that he was 15 years old. Further, Jay specifically told Harris that he was 15 years old and asked Harris if that was "chill" with him. Harris responded that it was "cool."

{¶ 28} The jury heard Harris's explanations regarding why he believed he was communicating with a consenting adult and chose not to believe them, apparently finding his testimony not credible. We likewise find Harris's testimony not credible. Although he testified at trial that he thought Jay's reference to his age meant only that he wanted to engage in sexual role play, Harris admitted that he

never mentioned role playing when he was interviewed by special agent Saraya after his arrest. Likewise, although Harris testified that he thought the "15" in Jay's text was merely a typographical error, he admitted that he never raised this issue in his post-arrest interview. Accordingly, in light of the evidence indicating that Harris knew that Jay was 15 years old and intended to engage in sexual activity with him, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that Harris's convictions should be reversed and a new trial ordered. This is not the exceptional case in which the evidence weighs heavily against the convictions. The second assignment of error is therefore overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR