[Cite as *State v. Schmelzer*, 2024-Ohio-5987.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 14-24-01

    v.

PAUL K. SCHMELZER,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2023-CR-0030

Judgment Affirmed in Part and Reversed in Part

Date of Decision:  December 23, 2024

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Paul K. Schmelzer ("Schmelzer"), appeals the December 18, 2023 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} This case stems from encounters that occurred in 2022 between Schmelzer (a 32-year-old man) and the victim who was 15 years old at the time of the offenses at issue in this case. Schmelzer and the victim initially met on Grindr, a social media site marketed toward men seeking other men for the purpose of engaging in same-sex relationships. In addition to conversing on Grindr, Schmelzer and the victim communicated on Snapchat for the purpose of engaging in sexual activity.

{¶3} It is uncontroverted that Schmelzer would pick the victim up (late at night) in the parking lot of a Dollar General, which was located close to the victim's house, and travel to a cemetery or under a bridge to engage in consensual sexual activity in Schmelzer's vehicle.

{¶4} To facilitate the relationship, the victim held himself out to Schmelzer as either 17 or 18 years old. Even though the victim testified that Schmelzer did not question his age, Schmelzer acknowledged to law enforcement that he probed the victim about his age but stated that the victim assured him that he was 18 years old and a senior in high school. Likewise, Schmelzer testified that he relied on Grindr's

terms of service, which requires users to be 18 years of age or older to utilize its services. Indeed, while Grindr advertises in the Google Play Store and the Apple Store that it is for "mature 17 plus" and "17 plus," respectively, Grindr's terms of service reflect that "no persons under the age of eighteen (18) years . . . may attempt, directly or indirectly, to view, download, possess, or otherwise use the Grindr services." (Oct. 25, 2023 Tr., Vol. I, at 28-29); (State's Exs. 12, 13); (Defense Ex. A). Grindr's terms of service further reflect that "[b]y accepting th[e] agreement, creating a user account . . . , and entering a date of birth for age verification purposes, [the user] affirmatively represent[s] and warrant[s] that" he is "currently eighteen (18) years of age or over . . . ." (Defense Ex. A).

{¶5} Eventually, the victim's gambit was discovered by his parents after they caught him sneaking out of the house and were informed by a classmate and friend of the victim that he had been sneaking out of the house to meet older men. Thereafter, the victim disclosed to medical providers at Nationwide Children's Hospital that he had been meeting older men through Grindr and that his interaction with Schmelzer "was a hook-up" or "[t]o have sex." (Oct. 23, 2023 Tr. at 62, 65).

{¶6} On February 3, 2023, the Union County Grand Jury indicted Schmelzer on Count One importuning in violation of R.C. 2907.07(D)(1), (F)(3), a fifth-degree felony, and Count Two of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), (B)(3), a third-degree felony. On March 8, 2023, Schmelzer appeared for arraignment and entered pleas of not guilty to the indictment.

{¶7} The case proceeded to a jury trial on October 23 and 25, 2023. However, on October 24, 2023, the State filed a motion to amend the indictment to change the date of the offenses, which the trial court granted that same day. On October 25, 2023, the jury found Schmelzer guilty of both counts alleged in the indictment.

{¶8} On December 18, 2023, the trial court sentenced Schmelzer to 12 months in prison on Count One and to 60 months in prison on Count Two. (Doc. No. 61). The trial court further ordered that Schmelzer serve the prison terms consecutively for an aggregate sentence of 72 months in prison. Moreover, the trial court classified Schmelzer as a Tier II sex offender.

{¶9} Schmelzer filed his notice of appeal on January 10, 2024. He raises four assignments of error for our review. For ease of our discussion, we will begin by discussing Schmelzer's first and second assignments of error together, followed by his third and fourth assignments of error.

#### First Assignment of Error

**The Jury's Verdict Is Both Against The Manifest Weight And Sufficiency Of The Evidence.**

#### Second Assignment of Error

**The Trial Court Erred When It Overruled Mr. Schmelzer's Motion For a Criminal Rule 29 Acquittal.**

{¶10} In his first and second assignments of error, Schmelzer argues that his importuning and unlawful sexual conduct with a minor convictions are based on insufficient evidence and are against the manifest weight of the evidence.

*Standard of Review*

{¶11} Under Crim.R. 29(A), a court "shall order the entry of the judgment of acquittal of one or more offenses . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." Consequently, "[a] motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 2006-Ohio-2417, ¶ 37.

{¶12} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v.*

*Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.). *See also State v. Berry*, 2013-Ohio-2380, ¶ 19 (3d Dist.) ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

**{¶13}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence*

**{¶14}** We will begin by reviewing the sufficiency of the evidence supporting Schmelzer's importuning and unlawful sexual conduct with a minor convictions. In support of his sufficiency of the evidence challenge as to his importuning

conviction, Schmelzer argues that a rational trier of fact could not have found that he solicited the victim or that he was reckless in knowing that the victim was less than 16 years old. As to his unlawful sexual conduct with a baminor conviction, Schmelzer argues that the State presented insufficient evidence that he was not the spouse of the victim or that he was reckless in knowing that the victim was less than 16 years old. Because those are the only elements that Schmelzer challenges on appeal, we will review the sufficiency of the evidence supporting only whether he solicited the victim (as to his importuning conviction); whether he was married to the victim (as to his unlawful-sexual-conduct-with-a-minor conviction); and whether he was reckless in knowing that the victim was less than 16 years old (as to both convictions).

{¶15} Schmelzer was convicted of importuning in violation of R.C. 2907.07(D)(1) and unlawful sexual conduct with a minor in violation of R.C. 2907.04(A). Both criminal statutes contain a similar element with regard to the age of the victim. Specifically, R.C. 2907.07 provides, in its relevant part, that

> [n]o person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and . . .[t]he other person is thirteen years of age or older but less than sixteen years of age, the offender knows that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the other person.

R.C. 2907.07(D)(1) (2019) (current version at R.C. 2907.07(E)(1) (2024)). Similarly, R.C. 2907.04 provides, in its relevant part, that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.04(A).

**{¶16}** Both statutes require that a defendant act with knowledge or reckless-mental culpability as to a victim's age.

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(A). "'Knowledge is a state of mind that must be proved from the surrounding facts and circumstances.'" *State v. Kreischer*, 2021-Ohio-1235, ¶ 15 (3d Dist.), quoting *In re F.D.*, 2015-Ohio-2405, ¶ 16 (8th Dist.). "'The mental element of knowledge does not require an inquiry into the purpose for an act, but, involves the question of whether an individual is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature.'" *Id.*, quoting *In re F.D.* at ¶ 16.

**{¶17}** Reckless mental culpability is defined under R.C. 2901.22, which provides as follows:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C). "The definitions of '"knowingly" and "recklessly" are separated by degrees of awareness.'" *Kreischer* at ¶ 17, quoting *State v. Stevens*, 2020-Ohio-6981, ¶ 26 (6th Dist.). "'The perception of the likely result, therefore, controls in distinguishing between knowing and reckless conduct. "If the result is probable, the person acts 'knowingly'; if it is not probable but only possible, the person acts 'recklessly' if he chooses to ignore the risk."'" *Id.*, quoting *Stevens* at ¶ 26, quoting *State v. Edwards*, 83 Ohio App.3d 357, 361 (10th Dist. 1992).

**{¶18}** "'Generally, the intent of a person cannot be proven by direct evidence, thus proof of intent may be shown from circumstantial evidence.'" *Id.* at ¶ 19, quoting *State v. Cole*, 2011-Ohio-409, ¶ 23 (3d Dist.). "'Circumstantial evidence is '"the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind."'" *Id.*, quoting *Cole* at ¶ 23, quoting *State v. Fisher*, 2010-Ohio-5192, ¶ 26 (3d Dist.), quoting *State v. Duganitz*, 76 Ohio App.3d 363, 367 (8th Dist. 1991).

**{¶19}** "Circumstantial evidence has no less probative value than direct evidence." *Id.* at ¶ 20. *See also State v. Heinish*, 50 Ohio St.3d 231, 238 (1990) ("This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt."). "'"[A]ll that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt."'" *Kreischer* at ¶ 20, quoting *State v. Miller*, 2016-Ohio-7606, ¶ 61 (8th Dist.), quoting *Jenks*, 61 Ohio St.3d at 272. "'"'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence.'"'" *Id.*, quoting *Miller* at ¶ 61, quoting *State v. Hawthorne*, 2011-Ohio-6078, ¶ 9 (8th Dist.), quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960).

**{¶20}** Moreover, to be convicted of importuning, the State must demonstrate that a defendant solicited a victim. Even though "[t]he term 'solicit' is not statutorily defined," Ohio courts of appeal have defined the term to mean "'to seek, to ask, to influence, to invite, to tempt, to lead on, to bring pressure to bear.'" *State v. Kelly*, 2021-Ohio-2007, ¶ 29 (4th Dist.); *State v. Barnett*, 2012-Ohio-3748, ¶ 23 (3d Dist.), quoting *State v. Jain*, 2010-Ohio-1712, ¶ 12 (3d Dist.). *See also State v. Murphy*, 2020-Ohio-4667, ¶ 33 (5th Dist.) ("'Solicit' is defined as 'to entice, urge, lure or ask.'"), quoting *State v. Swann*, 142 Ohio App.3d 88, 89 (1st Dist. 2001). "'Thus, even in the absence of evidence that the defendant "asked" the minor to

engage in sexual activity, a defendant may still be found guilty of importuning under R.C. 2907.07 if there is evidence that the defendant sought, influenced, invited, tempted, led, or pressured the victim to engage in sexual activity.'" *State v. Petty*, 2017-Ohio-1062, ¶ 77 (10th Dist.), quoting *State v. Kent*, 2013-Ohio-2461, ¶ 14 (8th Dist.). Likewise, our sister courts of appeal resolved that "'in order to be sufficient to prove criminal liability for an alleged R.C. 2907.07(A) violation, the evidence must demonstrate that the conduct which the alleged solicitation for sex involved was performed recklessly, as that is defined by R.C. 2901.22(C).'" *Kelly* at ¶ 17, quoting *In re J.W.*, 2004-Ohio-3404, ¶ 19 (2d Dist.).

{¶21} Based on the evidence presented at trial, we conclude that Schmelzer's importuning and unlawful-sexual-conduct-with-a-minor convictions are based on sufficient evidence. That is, a rational trier of fact could have found beyond a reasonable doubt that Schmelzer solicited the victim; that Schmelzer was not married to the victim; and that Schmelzer was reckless in knowing that the victim was less than 16 years old.

{¶22} To begin with, viewing the evidence in a light most favorable to the prosecution, we conclude that the State presented sufficient evidence that Schmelzer solicited the victim. In other words, the State presented sufficient evidence at trial from which the trier of fact could conclude that Schmelzer disregarded a substantial and unjustifiable risk that his conduct (through Grindr or Snapchat) was likely seeking, influencing, inviting, tempting, leading, or pressuring the victim to engage

-11-

in sexual activity. *See Barnett* at ¶ 23 ("Viewing the text message conversation in a light most favorable to the State, there was sufficient evidence that Barnett influenced, tempted, and pressured the alleged minor child to engage in sexual activity").

{¶23} Indeed, the State introduced State's Exhibit 3 evidencing Schmelzer's invitation to the victim to meet. Specifically, State's Exhibit 3 reflects Snapchat messages from Schmelzer to the victim in which Schmelzer messaged "[t]onight"; "[c]an I walk over to your park"; and "130pm ?" on three separate days. (State's Ex. 3). (*See also* Oct. 23, 2023 Tr. at 140). In conjunction with that exhibit, the victim testified that Schmelzer contacted him on Grindr or Snapchat "to meet and hook-up" for sexual activity. (Oct. 23, 2023 Tr. at 138). Moreover, the victim testified that "through Snapchat and Grindr [he] would tell [Schmelzer] where to go . . . ." (*Id.* at 137). Consequently, the jury could infer that Schmelzer's Snapchat messages were asking or inviting the victim to engage in sexual activity. *See State v. Sharma*, 2016-Ohio-7744, ¶ 35 (11th Dist.). Thus, a rational trier of fact could have found beyond a reasonable doubt that Schmelzer solicited the victim by means of a telecommunications device to engage in sexual activity.

{¶24} Moreover, we conclude that the State presented sufficient evidence that the victim was not Schmelzer's spouse. Specifically, based on the evidence presented at trial, the jury could have "deduced that [the victim] was not [Schmelzer's] spouse." *State v. Saldivar*, 2022-Ohio-144, ¶ 33 (6th Dist.). *See also*

*State v. Smith*, 2012-Ohio-4644, ¶ 39 (12th Dist.) ("Although the state failed to affirmatively ask A.M. whether she was the spouse of the offender, there was sufficient circumstantial evidence presented which allowed the jury to determine that appellant and the victim were not married."). Imperatively, the evidence presented at trial revealed that marriage between the victim and Schmelzer constituted a legal impossibility. *See Saldivar* at ¶ 33, citing R.C. 3101.01 and 3101.02.

**{¶25}** Finally, we conclude that the State presented sufficient evidence that Schmelzer was reckless in knowing that the victim was less than 16 years old (as to both convictions). *See State v. Hardman*, 2016-Ohio-498, ¶ 39-42 (8th Dist.). Critically, the State presented the testimony of Detective Joel Thorpe ("Detective Thorpe") of the Union County Sheriff's Office, who testified that he investigated this case. Detective Thorpe identified State's Exhibit 11 as his interview of Schmelzer, which was played for the jury. In that interview, Schmelzer informed Detective Thorpe that he probed the victim about his age because he was "uncomfortable with the situation." (State's Ex. 11). (*See also* Oct. 25, 2023 Tr., Vol. I, at 26). Specifically, Schmelzer stated that he questioned the victim multiple times regarding his age. Thus, when viewing that evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Schmelzer, with heedless indifference to the consequences, disregarded a substantial and unjustifiable risk that the victim was less than 16 years

old. *Accord Hardman* at ¶ 45. In other words, the jury could have inferred from that evidence that Schmelzer ignored the *possibility* that the victim was less than 16 years old.

**{¶26}** For these reasons, Schmelzer's importuning and unlawful-sexual-conduct-with-a-minor convictions are based on sufficient evidence.

*Manifest Weight of the Evidence*

**{¶27}** Having concluded that Schmelzer's importuning and unlawful sexual conduct with a minor convictions are based on sufficient evidence, we next address Schmelzer's arguments that his importuning and unlawful sexual conduct with a minor convictions are against the manifest weight of the evidence. Here, Schmelzer contends that the greater weight of the evidence established that he lacked the requisite mental culpability to be guilty of importuning and unlawful sexual conduct with a minor. However, based on our review of the record, we conclude that this is not an exceptional case where the evidence presented at trial weighs heavily against the conclusion that Schmelzer was reckless in knowing that the victim was less than 16 years old.

**{¶28}** Indeed, based on our review of the entirety of the record, we concluded that the greater weight of the evidence presented at trial supports the jury's determination that Schmelzer acted recklessly in knowing that the victim was less than 16 years old. *Compare State v. Corcoran*, 2023-Ohio-1218, ¶ 40 (8th Dist.) (concluding that "the greater weight of the evidence establishes that Corcoran was

reckless with respect to [the victim's] age"). Importantly, the jury heard Schmelzer's testimony regarding his assumptions about the victim's age and chose not to believe him. *Compare State v. Harris*, 2023-Ohio-454, ¶ 28 (8th Dist.) ("The jury heard Harris's explanations regarding why he believed he was communicating with a consenting adult and chose not to believe them, apparently finding his testimony not credible."); *State v. Young*, 2005-Ohio-3584, ¶ 18 (8th Dist.) (asserting that the "[d]efendant's mere assumptions are not enough to overcome a finding of recklessness under these circumstances").

{¶29} As we noted above, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *DeHass*, 10 Ohio St.2d 230 at, paragraph one of the syllabus. "When examining witness credibility, 'the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.'" *In re N.Z.*, 2011-Ohio-6845, ¶ 79 (11th Dist.), quoting *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). "A fact finder is free to believe all, some, or none of the testimony of each witness appearing before it." *Id.* "'"A verdict is not against the manifest weight of the evidence because the [jury] chose to believe the State's witnesses rather than the defendant's version of the events."'" *State v. Missler*, 2015-Ohio-1076, ¶ 44 (3d Dist.), quoting *State v. Bean*, 2014-Ohio-908, ¶ 15 (9th Dist.), quoting *State v. Martinez*, 2013-Ohio-3189, ¶ 16 (9th Dist.).

**{¶30}** Notwithstanding Schmelzer's testimony that the victim claimed to be 18 years old and the evidence that Grindr's terms of service require users to be at least 18 years old, the jury was free to conclude that Schmelzer acted recklessly in his belief regarding the victim's age based on the totality of the evidence presented at trial. Specifically, while the victim testified that he told Schmelzer that he was 17 years old and asserted that Schmelzer did not express any suspicion regarding his age, the jury was able to observe Schmelzer's conversation with Detective Thorpe, which revealed Schmelzer's concerns about the victim's age. In addition, the jury was able to weigh the evidence that Schmelzer was aware that the victim resided with his parents and that Schmelzer admitted that he had to "retrieve" the victim for sexual encounters because the victim did not possess a driver's license. (Oct. 25, 2023 Tr., Vol. I, at 89).

**{¶31}** Moreover, the jury was able to consider the evidence that Schmelzer and the victim communicated on Snapchat employing usernames that revealed their ages. Specifically, the victim's mother testified that the victim's Snapchat username included "2007," indicating his birth year. (Oct. 23, 2023 Tr. at 124). Schmelzer similarly testified that his Snapchat username, which was automatically generated, included "89," corresponding to his birth year. (Oct. 25, 2023 Tr., Vol. I, at 86). Consequently, this evidence, when considered in conjunction with the totality of the evidence presented at trial, bolsters the jury's determination that Schmelzer acted recklessly as to his determination of the victim's age.

{¶32} For these reasons, we conclude that the weight of the evidence presented at trial does not weigh against the conclusion that Schmelzer acted recklessly in knowing that that the victim was less than 16 years old. *Compare Young*, 2005-Ohio-3584, at ¶ 20 (8th Dist.); *State v. Satterwhite*, 2009-Ohio-5815, ¶ 16-17 (8th Dist.); *State v. Montgomery*, 2003-Ohio-209, ¶ 7-9 (2d Dist.). Therefore, we conclude that the trier of fact did not clearly lose its way and create such a manifest miscarriage of justice that Schmelzer's importuning and unlawful sexual conduct with a minor convictions must be reversed and a new trial ordered.

{¶33} Accordingly, Schmelzer's first and second assignments of error are overruled.

### Third Assignment of Error

**Mr. Schmelzer Was Unduly Prejudiced By The Jury Instructions, Wherein The Instructions Failed To Define Soliciting, Which Is an Element Of The Crime Of Importuning.**

{¶34} In his third assignment of error, Schmelzer challenges the trial court's jury instructions. Specifically, Schmelzer argues that the trial court erred by "stating in the instruction the victim's date of birth and [by] failing to define all the elements that the jury was to determine—specifically the element of solicitation." (Appellant's Brief at 14).

*Standard of Review*

{¶35} Generally, appellate courts review alleged errors in jury instructions for an abuse of discretion. *State v. Blanton*, 2015-Ohio-4620, ¶ 55 (3d Dist.). An

abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

**{¶36}** However, because Schmelzer did not object to the trial court's jury instructions, he waived all but plain error on appeal. *State v. Harrison*, 2015-Ohio-1419, ¶ 69 (3d Dist.). Under "'Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."'" *Id.*, quoting *State v. Walburg*, 2011-Ohio-4762, ¶ 47 (10th Dist.). "We recognize plain error with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Id.* "'For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right.'" *Id.*, quoting *State v. Vielma*, 2012-Ohio-875, ¶ 34 (3d Dist.). "'Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors.'" (Emphasis added.) *Id.*, quoting *Vielma* at ¶ 34.

*Analysis*

**{¶37}** On appeal, Schmelzer argues that the jury instructions for importuning were flawed because the trial court's instruction mentioned the victim's date of birth and the instruction did not define "solicit." At trial, the trial court instructed the jury on importuning, in relevant part, as follows:

> Before you can find the Defendant guilty of Importuning, you must find that the State of Ohio has proven beyond a reasonable doubt that on or about February 13, 2022, to May 3, 2022, in Union County, Ohio, Defendant, Paul K. Schmelzer did recklessly solicit [the victim] by means of a telecommunications device as defined in Section 2913.01 of the Revised Code, to engage in sexual activity with Paul K. Schmelzer who was 18 years of age or older and [the victim] was 13 years of age or older but less than 16 years of age; to-wit, [the victim] was born on February 13, 2007, and Paul K. Schmelzer knew that [the victim] was 13 years of age or older but less than 16 years of age or was reckless in that regard and that Paul K. Schmelzer was four or more years older than [the victim].

(Oct. 25, 2023 Tr., Vol. II, at 170-171).

**{¶38}** Based on our review of the record, we conclude that the trial court did not commit plain error by mentioning the victim's date of birth in its jury instruction. *Accord State v. Adams*, 2004-Ohio-5845, ¶ 101 (concluding that the trial court's jury "instruction did not foreclose the jury's role" because it "properly instructed the jury that the state had to prove the victim's age"). In this case, "the ages of the victim and the defendant were elements of the offenses that the state was required to prove." *State v. Schentur*, 2020-Ohio-1603, ¶ 63 (8th Dist.). Here, notwithstanding the inclusion of the victim's birth date, the trial court instructed the jury that it must find that Schmelzer was 18 years old or older and that the victim was 13 years of age or older but less than 16 years of age before it could find that Schmelzer was guilty of importuning.

**{¶39}** Moreover, Schmelzer was not prejudiced by the trial court's inclusion of the victim's date of birth in its jury instruction since the victim and his mother

testified to his age and his birth certificate was admitted into evidence. *See State v. Norman*, 2017-Ohio-92, ¶ 100 (8th Dist.) (determining that Norman was not prejudiced by the trial court's inclusion of the victim's age in the jury instruction since witnesses testified to the victims' dates of birth). Consequently, we conclude that the trial court did not commit plain error by including the victim's date of birth in its jury instruction.

**{¶40}** Furthermore, the trial court did not commit plain error by failing to define "solicit." Importantly, "[t]he Supreme Court of Ohio has explained that: 'Failure of a trial court to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B).'" *State v. Miller*, 2023-Ohio-2508, ¶ 79 (2d Dist.), quoting *State v. Adams*, 62 Ohio St.2d 151 (1980), paragraph two of the syllabus. Indeed, "while '[i]t is especially important for courts to define technical terms, . . . courts should limit their definitions where possible to those provided by the legislature to avoid confusion and unnecessary appellate challenges.'" *Id.* at ¶ 80, quoting *State v. Hunter*, 1996 WL 430875, *3 (2d Dist. Aug. 2, 1996). "Therefore, '[i]f the term is of general import and common usage, and the term is actually used in that sense, the failure to define it does not mandate a reversal.'" *Id.*, quoting *Hunter* at *4.

**{¶41}** Consequently, "'an appellate court must review the instructions as a whole and the entire record to determine whether a manifest miscarriage of justice

has occurred as a result of the error in the instructions.'" *Id.* at ¶ 79, quoting *State v. Wamsley*, 2008-Ohio-1195, ¶ 17. *See also Adams* at 154 ("Only by reviewing the record in each case can the probable impact of such a failure be determined, and a decision reached as to whether substantial prejudice may have been visited on the defendant, thereby resulting in a manifest miscarriage of justice.").

{¶42} As we addressed in Schmelzer's first and second assignments of error, "[t]he term 'solicit' is not statutorily defined . . . ." *Kelly*, 2021-Ohio-2007, at ¶ 29 (4th Dist.). Even so, the term "solicit" is not overly technical. Indeed, the jury could have determined the case by using the term's common, ordinary meaning. *Accord id.*; *State v. Wood*, 2007-Ohio-1027, ¶ 23 (2d Dist.). Therefore, we conclude that the trial court did not commit any error, let alone plain error, by failing to define the term "solicit" in its instructions to the jury. *Accord Miller* at ¶ 82.

{¶43} Schmelzer's third assignment of error is overruled.

**Fourth Assignment of Error**

**Appellant's Sentence Is Contrary To Law.**

{¶44} In his fourth assignment of error, Schmelzer challenges the prison sentence imposed by the trial court. Specifically, Schmelzer challenges the maximum, consecutive prison sentence imposed by the trial court and argues that his sentence is contrary to law because "[t]here is no proof of the requisite prior conviction to get a mandatory prison sentence." (Appellant's Brief at 17).

*Standard of Review*

**{¶45}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶46}** We will begin by addressing Schmelzer's argument the trial court erred by imposing maximum sentences. Generally, "[i]t is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 2016-Ohio-5554, ¶ 29 (3d Dist.), citing *State v. Dixon*, 2016-Ohio-2882, ¶ 14 (2d Dist.) ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*,

2015-Ohio-4907, ¶ 9 (8th Dist.) ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 10 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). Here, as a third-degree felony, unlawful sexual conduct with a minor, carries a non-mandatory, definite sanction of 12-months to 60-months of imprisonment, and, as a fifth-degree felony, importuning carries a non-mandatory, definite sanction of 6-months to 12-months of imprisonment. R.C. 2907.04(A), (B)(3); 2907.07(D)(1), (F)(3) (2019) (current version at R.C. 2907.07(E)(1), (G)(3) (2024)); 2929.14(A)(3)(a), (5).

**{¶47}** "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.). Because the trial court sentenced Schmelzer to 60 months in prison as to his unlawful sexual conduct with a minor conviction and to 12 months in prison as to his importuning conviction, the trial court's sentences fall within the statutory range.

**{¶48}** However, even though the sentence imposed for Schmelzer's importuning conviction falls within the statutory range, it is nevertheless contrary to law. *Accord State v. Cruz*, 2012-Ohio-1943, ¶ 10 (8th Dist.). That is, Schmelzer's sentence for importuning was erroneously imposed as a mandatory

prison term, rather than being subject to a presumption in favor of prison. The State concedes this error. We agree.

**{¶49}** Under the version of the statute in effect at the time that Schmelzer committed importuning, a violation of R.C. 2907.07(D) "is a fifth degree felony on a first offense, and . . . there is a presumption that a prison term shall be imposed as described in division (D) of section 2929.13 of the Revised Code." R.C. 2907.07(F)(3) (2019) (current version at R.C. 2907.07(F)(3) (2024)). At sentencing, the trial court, applying the current version of R.C. 2907.07(F)(3), determined that a mandatory prison sentence was applicable. (*See* Dec. 18, 2024 Tr. at 9-10).

**{¶50}** "With a presumption, the trial court is not required to impose a mandated prison term." *Cruz* at ¶ 10. "The trial court retains discretion to sentence the offender as it deems warranted in accordance with the applicable law." *Id*. "On the other hand, with a mandatory prison term, the trial court is required to sentence the offender as the applicable law mandates." *Id*. "A mandatory sentence carries additional ramifications regarding an offender's prison time"—namely, "the offender is not eligible for community control sanctions or judicial release." *Id*. As a result, we conclude that Schmelzer's sentence for importuning is contrary to law. *Accord id.*

**{¶51}** Having determined that Schmelzer's sentence for importuning is contrary to law, we will proceed to address Schmelzer's sentence for unlawful sexual conduct with a minor.

**{¶52}** When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith*, 2015-Ohio-4225, at ¶ 10 (3d Dist.), quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

**{¶53}** "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C.

2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶54} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

{¶55} Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶56} At Schmelzer's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Nevertheless, Schmelzer disagrees with the trial court's application of those sentencing guidelines to the facts and circumstances of his case. *Compare State v. Reed*, 2021-Ohio-1623, ¶ 17 (3d Dist.) (resolving that "Reed simply disagrees with

the trial court's application of these factors to the facts and circumstances of his case").

**{¶57}** Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence if "we 'clearly and convincingly find[ ] that "the record does not support the sentencing court's findings under" *certain specified statutory provisions.*'" (Emphasis added.) *State v. Smith*, 2022-Ohio-2565, ¶ 9 (1st Dist.), quoting *Jones*, 2020-Ohio-6729, ¶ 28, quoting R.C. 2953.08(G)(2)(a). Indeed, "R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Jones* at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11. *See Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶58}** Since the record demonstrates that Schmelzer's prison term for his unlawful sexual conduct with a minor conviction is within the statutory range and that the trial court considered the statutory factors in R.C. 2929.11 and 2929.12 when fashioning his sentence, that portion of Schmelzer's sentence is not contrary

to law. *Accord id.* at ¶ 20. However, because we determined that Schmelzer's sentence for importuning is contrary to law, we need not reach Schmelzer's consecutive sentences argument.

**{¶59}** Consequently, Schmelzer's sentence for importuning is vacated, his sentence for unlawful sexual conduct with a minor is affirmed, and the matter is remanded for resentencing on that count.

**{¶60}** For these reasons, Schmelzer's fourth assignment of error is sustained in part and overruled in part.

**{¶61}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignments of error one, two, three, and four, in part, we affirm the judgment of the trial court. Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error four, in part, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part,*
*And Cause Remanded*

**WALDICK and MILLER, J.J., concur.**

**/hls**