[Cite as *State v. Snodgrass*, 2025-Ohio-1020.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>          Plaintiff-Appellee,<br><br>  - vs -<br><br>JOHN A. SNODGRASS,<br><br>          Defendant-Appellant. | CASE NO. 2024-T-0087<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2024 CR 00389 |

**O P I N I O N**

Decided: March 24, 2025
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, *Ryan J. Sanders*, and *Charles L. Morrow*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher P. Lacich*, Roth Blair Roberts Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, John A. Snodgrass, Sr., appeals his conviction for Violating a Protection Order. For the following reasons, we affirm the judgment of the court below.

{¶2} On August 14, 2024, the Trumbull County Grand Jury indicted Snodgrass for Domestic Violence (Count 1), a felony of the third degree in violation of R.C. 2919.25(A) and (D)(1) and (4); and Violating a Protection Order (Count 2), a misdemeanor of the first degree in violation of R.C. 2919.27(A)(1) and (B)(1) and (2).

{¶3} A jury trial was held on September 10-11, 2024. The following testimony

relevant to the charge of Violating a Protection Order was presented:

{¶4} Misty Blevins testified that she is currently a manager at the McDonald's in Newton Falls. She met Snodgrass in 2021 at the McDonald's where they were both employed. In March 2024, they began living together. On May 13, 2024, Blevins worked at McDonald's. In the evening, after she returned home, she and Snodgrass argued with each other. Blevins alleged that Snodgrass became physical.

{¶5} As a result of the incident, Blevins obtained a no contact order against Snodgrass. In late July, Blevins received a call from a manager at the Newton Falls McDonald's asking if she was okay and informing her that Snodgrass had been at the McDonald's and threatened to kill her.

{¶6} Prior to the May 13 incident, Blevins interviewed for a position at Great Lakes Cheese and was offered a position. Snodgrass was with her for the interview and was aware that she was offered a job. The day after the incident she was supposed to take a drug test as a condition of employment. Blevins took the test but decided not to accept employment after she received a promotion at McDonald's to the position of hiring manager.

{¶7} Travis Hopper, a manager at the Newton Falls McDonald's, was working on July 22, 2024, when, at about five o'clock, Snodgrass drove into the parking lot and parked in the drive-thru lane "facing the opposite way of traffic." Hopper, who knew Snodgrass, spoke with him. He described Snodgrass as clean shaven ("first time I had seen him like that ever") and looking well. Snodgrass told him that he had recently started a new job. After speaking for three to four minutes, Snodgrass began to pull away, stopped, and backed up. Snodgrass said, "I'm going to kill that bitch," and then pulled

2

away again. Although Blevins had not been mentioned in their conversation, Hopper understood Snodgrass' words as referring to her.

{¶8} Danica Rogers was working at the Newton Falls McDonald's on July 22, 2024. She overheard the conversation between Snodgrass and Hopper: "He came flying in his car through the parking lot and stopped next to me and [Hopper]. And he was just talking to [Hopper]. … And then he was talking about women being crazy and then he went to pull away and he stopped and said, that bitch is dead anyways."

{¶9} Catherine Antill, a deputy clerk at the Newton Falls Municipal Court, authenticated a protection order issued by Judge Vigorito on May 16, 2024, which was admitted into evidence. According to the terms of the order, Snodgrass was "not [to] enter or interfere with the … place of employment" of Blevins, "including the buildings, grounds, and parking lots." Additionally, he was to "stay away from [Blevins] … and … not be present within 500 feet [of her] wherever [she] may be found, or any place [he] knows or should know [she is] likely to be."

{¶10} Snodgrass testified on his own behalf. On cross-examination he admitted to having the protection order and visiting the Newton Falls McDonald's in July. Per the conditions of the order, he had not spoken with Blevins since the order was issued. In the week prior to the incident giving rise to the Domestic Violence charge, both he and Blevins had "interviews and orientation" at Great Lakes Cheese. Snodgrass claimed Blevins told him she had given McDonald's her two-week notice at this time. When he went to the McDonald's, he did not ask to see Blevins or exit his vehicle: "I just seen [Hopper] outside smoking a cigarette when I was passing by and I ain't seen him in months."

3

{¶11} The jury acquitted Snodgrass of Domestic Violence and found him guilty of Violating a Protection Order.

{¶12} On October 4, 2024, the trial court issued an Entry on Sentence, memorializing Snodgrass' sentence of one hundred eighty days in the Trumbull County Jail for Violating a Protection Order.

{¶13} On October 18, 2024, Snodgrass filed a Notice of Appeal. On appeal he raises the following assignments of error:

> [1.] The Appellant's conviction for violation of a protection order was based on legally insufficient evidence.
>
> [2.] The Appellant's conviction for violation of a protective order was against the manifest weight of the evidence[.]
>
> [3.] Appellant's trial counsel rendered ineffective assistance of counsel.

{¶14} The first two assignments of error will be considered jointly.

{¶15} A challenge to the sufficiency of the evidence raises the issue of "whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 2017-Ohio-9423, ¶ 165. In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶16} In contrast to sufficiency, "weight of the evidence addresses the evidence's effect of inducing belief." (Citation omitted.) *State v. Wilson*, 2007-Ohio-2202, ¶ 25. An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the

4

jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶17} In order to convict Snodgrass of Violating a Protection Order, the State was required to prove beyond a reasonable doubt that he "recklessly violate[d] the terms of … [a] protection order issued … pursuant to … 3113.31 of the Revised Code." R.C. 2919.27(A)(1). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." R.C. 2901.22(C); *see State v. Warner*, 2022-Ohio-4742, ¶ 22 (2d Dist.) ("[a] defendant acts recklessly when he is aware that there is a risk or chance that the result may occur, but nevertheless chooses to engage in an act and runs the risk"); *State v. Schmelzer*, 2024-Ohio-5987, ¶ 17 (3d Dist.) ("if [the result] is not probable but only possible, the person acts 'recklessly' if he chooses to ignore the risk") (citation omitted); *State v. Powell*, 1998 WL 682348, *3 (11th Dist.).

{¶18} Snodgrass maintains that there was insufficient evidence that he "recklessly" violated the protection order: "Although the Appellant appeared at the McDonald's parking lot on July 17 [sic], 2024 to stop and talk with his former co-worker, Travis Hopper, that said, he clearly lacked the *mens rea* to have 'recklessly' violated the protection order in place-having not entered the restaurant or using its drive-through, having no contact with the protected person, Misty Blevins, having no intent to have contact with Ms. Blevins, and Ms. B[l]evins not even working on the date in question[1] ….

---

1. We note that, although Hopper testified that Blevins was not working that day, Blevins testified that she had worked earlier in the day.

Case No. 2024-T-0087

In addition, Appellant was under the impression that Blevins had been hired by Great Lakes Cheese Factory and was not even employed at the McDonald's, Newton Falls, Ohio on July 17 [sic], 2024." Merit Brief of Appellant at 5. In addition to sufficiency of the evidence, Snodgrass argues that, "[g]iven the unusual fact pattern that surround[s] the Appellant's conviction for violating the protection order, … this honorable court is asked to act as the metaphoric "13th juror" and find that this jury was not focused on evaluating the flows and holes in the evidence that the State offered in its case-in-chief in an attempt to prove Appellant guilty beyond a reasonable doubt on Count II." Merit Brief of Appellant at 11.

{¶19} We find the evidence in the record readily supports the conviction for Violating a Protection Order. Although Snodgrass may have believed that Blevins was going to take a position at Great Lakes Cheese, he did not "know" whether she had stopped working at McDonald's. He had not spoken to her since the protection order was issued at which time she was working at McDonald's. Moreover, Snodgrass' mother worked at Great Lakes Cheese. Snodgrass was passing by the McDonald's and pulled into the parking lot because he saw an "acquaintance" (Hopper) whom he had not seen in months. The conversation, according to Hopper, was "very quick." Before leaving, Snodgrass commented that he would kill "that bitch" which Hopper understood as a reference to Blevins. It is possible to infer from these facts that Snodgrass knew or at least suspected that Blevins worked at the McDonald's (Snodgrass certainly had ways of knowing whether she still worked at McDonald's) and that his reason for visiting was to intimidate her. (The point is not that he made the threat but by making the threat to a co-worker she would learn of it.) Giving the State the benefit of all reasonable inferences, it

6

Case No. 2024-T-0087

cannot be said that, as a matter of law, the facts presented were insufficient to sustain the verdict.

{¶20} Conversely, even if (weighing the evidence otherwise) we accept that Snodgrass sincerely believed that Blevins had taken employment at Great Lakes Cheese, the conviction could still be sustained inasmuch as her employment at McDonald's remained a possibility, i.e., that there was a risk that she still worked at McDonald's and Snodgrass chose to ignore this risk. Stated otherwise, a jury could find that Snodgrass acted recklessly because he was aware of the chance that she still worked at McDonald's yet chose to risk violating the protection order. *Warner*, 2022-Ohio-4742, at ¶ 22 (2d Dist.); *also State v. McClelland*, 2008-Ohio-6305, ¶ 20 (10th Dist.) ("[i]t is not necessary that the accused be in a position to foresee the precise consequence of his conduct; only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the risk created by his conduct") (citation omitted). Thus, even allowing that the jury credited (at least parts of) Snodgrass' testimony in acquitting him for Domestic Violence, his conviction for Violating a Protection Order does not constitute a manifest miscarriage of justice requiring reversal.

{¶21} The first two assignments of error are without merit.

{¶22} In the third assignment of error, Snodgrass argues that he received constitutionally ineffective assistance of counsel.

{¶23} "To establish ineffective assistance, [a defendant] must show (1) that defense counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him, i.e., that there is a reasonable probability that but for

7

counsel's errors, the proceeding's result would have been different." *State v. Nicholson*, 2024-Ohio-604, ¶ 318. "A reasonable probability is a probability sufficient to undermine [the court's] confidence in the outcome." (Citation omitted.) *Id.*

{¶24} While acknowledging that counsel is presumed competent under Ohio law, *State v. Hamblin*, 37 Ohio St.3d 153, 155-156 (1988), and that trial counsel's efforts secured an acquittal on the felony Domestic Violence count, Snodgrass asserts counsel was ineffective with respect to Violating a Protection Order for failing to question him about what transpired at McDonald's: "The jury needed to hear and trial counsel needed to firmly establish on direct examination the intentions and movement of Appellant on that day and how it came to be that he stopped in the parking lot of McDonald's so that he could talk with a co-worker, Travis Hopper." Merit Brief of Appellant at 14.

{¶25} Initially, it is evident that trial counsel's failure to question Snodgrass about the McDonald's incident was intentional and, therefore, the decision is entitled to deference as to its reasonableness. *State v. Lloyd*, 2022-Ohio-4259, ¶ 17 ("[w]hen the alleged error concerns what could be viewed as trial strategy, courts must be 'highly deferential' to the attorney's strategic decisions"); *State v. Mohamed*, 2017-Ohio-7468, ¶ 18 ("[q]uestionable trial strategies and tactics … do not rise to the level of ineffective assistance of counsel").

{¶26} Under the facts of the present case, the decision or failure to question Snodgrass about the McDonald's incident was not unreasonable. There are reasons to believe that his testimony would not have aided his defense. The best evidence for Snodgrass' acquittal of Violating a Protection Order was provided by Blevins herself on cross-examination when she testified that Snodgrass thought she was working at Great

8

Lakes Cheese. Counsel may have believed that Snodgrass' own testimony about the incident would undermine Blevins' testimony on this point. Ironically, Snodgrass' testimony, elicited by the State on cross-examination, that he did not know whether she worked at McDonald's provided a counterpoint to Blevins' testimony in support of the conviction. The additional details provided by Snodgrass on cross-examination, that he was just passing by the McDonald's and wanted to speak with Hopper, did not necessarily strengthen the defense case and may have appeared dubious to the jury. As to whether Snodgrass should have been given the chance to deny stating that he would kill "that bitch," we note that there is nothing in the record to indicate how he would have answered the question and defense counsel could be forgiven for not wanting to find out. Presuming he would have denied making the threat, that would have put Snodgrass' testimony at odds with two disinterested witnesses with uncertain consequences for his overall credibility. In light of these considerations, we do not find that trial counsel's performance fell below an objective standard of reasonable representation.

{¶27} The third assignment of error is without merit.

{¶28} For the foregoing reasons, Snodgrass' conviction of Violating a Protection Order in the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

9

Case No. 2024-T-0087